D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GAZI IBRAHIM ABU MEZER,

      Petitioner,

01-CV-2525 (RR)

Memorandum and
  -against-            O R D E R

UNITED STATES OF AMERICA,

      Respondent.

-----------------------------------------------------------X

APPEARANCES:

  GAZI IBRAHIM ABU MEZER
    Inmate No. 48705-053
    U.S. Penitentiary
    P.O. Box 8500
    Florence, Colorado 81226
    Petitioner, Pro Se

  HONORABLE ROSLYNN R. MAUSKOPF
  EASTERN DISTRICT OF NEW YORK
    One Pierrepont Plaza
    Brooklyn, New York 11201
    By: John F. Curran
      Assistant U.S. Attorney
    Attorney for Respondent

REENA RAGGI, Circuit Judge[1]:

Gazi Ibrahim Abu Mezer is presently incarcerated, serving consecutive terms of life imprisonment and thirty years' incarceration as a result of his 1999 federal conviction after a jury trial of conspiring to use and threatening to use a weapon of mass destruction, to wit, a pipe bomb, to kill commuters on a New York City subway, see 18 U.S.C. § 2332a, and for using and carrying a firearm, again a pipe bomb, in relation to a crime of violence, see 18 U.S.C. § 924(c). See United States v. Abu Mezer, 97 CR 804 (RR). Having unsuccessfully challenged his conviction on direct appeal and habeas corpus, see United States v. Khalil, 214 F.3d 111, 115-17 (2d Cir. 2000); Abu Mezer v. United States, 01-CV-2525 (RR) (E.D.N.Y. Aug. 28, 2001), Abu Mezer, in December 2002, moved pursuant to Fed. R. Civ. P. 60(b) to vacate the judgment denying his habeas petition so that he could raise a new challenge to his conviction based on the alleged ineffective representation of his appellate counsel. As this court advised Abu Mezer in response to June 2005 correspondence, this motion was denied. Abu Mezer asserts that he never received the court's denial order, from which he would have wished to appeal. Further inquiry indicates that no denial order was ever

---

[1] Sitting by designation as a district judge on the United States District Court for the Eastern District of New York.

docketed. Accordingly, the court has retrieved the file in the case, re-examined the parties' submissions, and here reiterates its denial.

Abu Mezer's Rule 60(b) motion is deficient in at least two respects. First, to the extent he seeks to vacate his habeas judgment because his initial failure to raise a Sixth Amendment challenge was based on "excusable neglect," in that his attorney failed to transmit certain documents to him, the motion is untimely, not having been filed within "one year after the [habeas] judgment . . . was entered." Fed. R. Civ. P. 60(b)(1). The same problem would arise if Abu Mezer's motion were liberally construed as based on the purported "new" evidence of attorney ineffectiveness discovered upon belated review of the aforementioned documents. See Fed. R. Civ. P. 60(b)(1). To the extent Abu Mezer insists that he filed for 60(b) relief within the "reasonable time" allowed when motions are based on "any other reason justifying relief," Fed. R. Civ. P. 60(b)(6), the argument is unconvincing. Counsel's alleged ineffectiveness was his failure to raise an appellate challenge to a pre-trial ruling declining to suppress the fruits of a warrantless search.[2]  As the government notes, Abu Mezer was well aware

---

[2] In a detailed oral ruling, this court concluded that the warrantless search was supported by both exigent circumstances and the consent of Abu Mezer's roommate, who alerted police to Abu Mezer's murderous plan for the next

of this search issue, having been present when the issue was litigated before trial and having alluded critically to the warrantless search at sentence. Further, at the time he filed his initial § 2255 petition, Abu Mezer acknowledged that he possessed a copy of the appellate brief that he now labels inadequate. Under these circumstances, the court concludes that it was not "reasonable" for Abu Mezer to delay any presentation of a challenge to appellate counsel's competency until December 2002. Indeed, the point should have been raised in the original § 2255 petition.

A second and more important reason for denying Abu Mezer 60(b) relief is that the motion falls outside the scope of the rule in that it seeks to attack the underlying criminal conviction (based on the allegedly ineffective representation of appellate counsel) rather than the integrity of the original habeas proceeding. As the Second Circuit has clearly ruled, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal

---

morning's rush hour. As the Court of Appeals noted, this roommate "gave the police a key to the apartment, diagrammed its layout, indicating where the bombs were kept, and led a team of officers to the building before dawn on July 31, 1997." United States v. Khalil, 214 F.3d at 115.

conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001). Acknowledging this law, Abu Mezer argues that the integrity of his initial habeas proceeding was compromised by his lawyer's failure to transmit the papers he needed to demonstrate counsel's ineffectiveness on appeal. He is wrong. Appellate counsel did not represent Abu Mezer in the habeas proceeding; thus, the charged omission could not undermine the integrity of a proceeding for which counsel had assumed no responsibility and in which he played no role. In any event, as Harris indicates, even an attorney who purports to represent a habeas petitioner does not undermine the integrity of the proceeding through constitutional ineffectiveness, much less through simple neglect. See Harris v. United States, 367 F.3d at 77. "To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se." Id. That is not this case. Abu Mezer was not abandoned by habeas counsel nor did counsel prevent him from being heard by the court. To the contrary, Abu Mezer filed his habeas petition pro se and was in regular communication with the court throughout the time the matter was pending. Despite the fact that he knew that the court had rejected his pre-trial

challenge to the warrantless search that recovered the bombs for which he was charged, and that counsel had not challenged that ruling on direct appeal, he nevertheless opted not to assert this omission as a ground for habeas relief. Such circumstances do not support a 60(b) motion.

Indeed, this conclusion is reinforced by the Supreme Court's recent ruling in <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641 (2005), decided after this court first considered Abu Mezer's Rule 60(b) motion. In <u>Gonzalez</u>, the Court unanimously rejected an argument that all Rule 60(b) challenges to habeas judgments should be treated as second or successive petitions. Nevertheless, the Court, citing approvingly to <u>Harris</u>, drew a sharp distinction between motions seeking to vacate habeas judgments in order to relitigate or add claims and motions pointing to some defect in the integrity of the federal habeas proceeding. See <u>id.</u> at 2647-48. Only the latter are properly pursued through Rule 60(b). As the Court explained in terms particularly relevant to Abu Mezer's motion, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule or constitutional law or newly discovered facts." <u>Id.</u> at 2647. Further,

the Court clarified that an attack on a habeas judgment "based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id. at 2648 n.5 (citation omitted). The same conclusion applies with even more force when the alleged omission is not that of habeas counsel but that of trial or appellate counsel in the underlying criminal case.

## Conclusion

In sum, to the extent Abu Mezer moves pursuant to Rule 60(b) to vacate the judgment denying his habeas petition so that he can present a belated claim of ineffective assistance of appellate counsel, that motion is denied as beyond the scope of the rule. See Harris v. United States, 367 F.3d at 82; Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). Alternatively, the motion is denied as untimely. Abu Mezer may, of course, appeal this denial. To the extent he instead, or in addition, applies to the Court of Appeals for leave to file a second or successive habeas corpus petition, see 28 U.S.C. § 2244(b)(3), this court expresses no view on that subject.

The Clerk of the Court is to docket this memorandum and order and note the denial of the motion to vacate judgment.

SO ORDERED.

Dated:  Brooklyn, New York
        July 27, 2005

s/Reena Raggi
REENA RAGGI
UNITED STATES CIRCUIT JUDGE